UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
RODERICK GOLDEN,

                                Plaintiff,

   -v-

JOHN GAGNÉ, Field Investigator, and
DETECTIVE WILLIAM ROOT,
Onondaga County Sheriff's Department.

                                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - 5:21-CV-85
DETECTIVE WILLIAM ROOT,
Onondaga County Sheriff's Department,

                                Cross Claimant,

   -v-

JOHN GAGNÉ, Field Investigator.

                                Cross Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                              OF COUNSEL:

RODERICK GOLDEN
Plaintiff *Pro Se*
208 Melrose Avenue
Syracuse, New York 13206

HON. LETITIA JAMES                              MELISSA A. LATINO, ESQ.
Attorney General for the State of            Assistant Attorney General
   New York
The Capitol
Albany, New York 12224

ONONDAGA COUNTY DEPARTMENT   KATHERINE B. FELICE, ESQ.
   OF LAW   JOHN E. HEISLER, Jr., ESQ.
John H. Mulroy Civic Center
421 Montgomery Street, Tenth Floor
Syracuse, New York 13202

DAVID N. HURD
United States District Judge

### MEMORANDUM-DECISION and ORDER

### I. INTRODUCTION

On January 25, 2021, plaintiff Roderick Golden ("Golden" or "plaintiff") filed the present complaint. At its core, that complaint alleges constitutional deprivations under 42 U.S.C. § 1983 ("§ 1983") against defendants John Gagné ("Gagné"), a field investigator for New York State's Department of Motor Vehicles (the "DMV") and Detective William Root ("Root"), a deputy in the Onondaga County Sheriff's Department. Essentially, plaintiff takes issue with his being arrested and charged with possession of a forged instrument on December 5, 2016, as well as the resulting legal process until that charge was dismissed on January 23, 2018.

On December 31, 2021, Gagné moved to dismiss Golden's complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim. That motion, having been fully briefed, will now be decided on the submissions and without oral argument.

## II. **BACKGROUND**

On December 5, 2016, Golden was in trial before the Syracuse City Court-Small Claims as a pro se plaintiff.[1] Dkt. 11 ("Compl."), ¶¶ 1, 3. Though plaintiff's current complaint is silent as to what motivated the suit, at least it is clear that its defendant was a local car repair shop called Tri-Count Auto. *Id.* ¶ 3.

According to Golden, Gagné was also at the trial as a witness that Tri-Count had subpoenaed to testify. Compl. ¶ 4. However, plaintiff claims that while the court was in recess, Gagné, Root, and two other officers suddenly arrested him. *Id.* ¶¶ 1-2, 5. From there, plaintiff was taken to the nearby Onondaga County Justice Center, where he was booked pending arraignment. *Id.* ¶ 6.

Golden claims that he spent the next twenty-two hours in jail, though no one told him why. Compl. ¶ 10. Finally, plaintiff alleges that he was brought back to the Syracuse City Court, where he was arraigned and charged with Criminal Possession of a Forged Instrument in the Second Degree under New York Penal Law § 170.25, a class D felony. *Id.*

At its core, the criminal complaint against Golden claimed that he had driven a vehicle to Tri-Count Auto bearing a counterfeit inspection sticker

---

[1] The facts are taken from plaintiff's complaint and read in the light most favorable to him, as is appropriate on a motion to dismiss.

3

some fourteen months prior to his arrest. Compl. ¶ 11. Gagné's criminal complaint bears this out: that document alleges that plaintiff drove a vehicle with a forged inspection sticker to Tri-Count Auto on October 6, 2015. Dkt. 34-2, p. 4.[2]

Golden further alleges that the arraignment proceeding provided no explanation of the "factual underpinnings" of his charge or otherwise discussed the probable cause that allegedly supported his arrest. Compl. ¶ 13. After pleading not guilty, plaintiff was held on bail of $7,500, which took him some two to three days to pay. *Id.* ¶¶ 14, 16.

Once Golden was back out in the world, his criminal proceedings continued apace. On December 9, 2016, plaintiff was summoned to court so that an order of protection could issue in favor of a Jonathan Zerbel ("Zerbel"), a deponent in plaintiff's criminal case. Compl. ¶ 23. As best the Court can glean, Zerbel was a witness in the criminal case against him that had taken a deposition which was instrumental in assembling the case against him. *Id.* ¶ 24. According to plaintiff, that deposition was instrumental in putting the case against him together, so his being barred

---

[2] Pagination corresponds with CM/ECF. The Court will also consider Gagné's felony complaint because a document not included in a plaintiff's complaint but upon whose terms and effect that complaint relies may properly be considered at the Rule 12(b)(6) stage. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). As will be discussed further below, the felony complaint fits that bill because plaintiff uses that document to argue that the charges against him were spurious from the start.

4

from contacting Zerbel frustrated his ability to investigate. *See id.* at ¶¶ 24, 27.

Next, Golden alleges that he was again haled into court for a pretrial conference on May 18, 2017. Compl. ¶ 29. According to plaintiff, the main topic of discussion was whether his felony charge should be reduced. *Id.* Although plaintiff alleges that the prosecution began the discussion of a reduced charge, he also claims that its motives for doing so were less than pure. *Id.* ¶¶ 29-30. Specifically, he alleges that the prosecution was trying to reduce the charges to cover for the fact that it had failed to comply with certain procedural mechanisms, including presentation before a grand jury and preparing a "replacement accusatory instrument." *Id.* ¶ 30.

Finally, on January 23, 2018, Golden alleges that the presiding judge dismissed all charges against him upon the agreement of all parties. Compl. ¶ 31.

On January 25, 2021, Golden filed a complaint in this district alleging a range of constitutional violations against a number of defendants. Dkt. 1. More specifically, plaintiff alleges a ranging conspiracy to improperly prosecute him, which he bases on the alleged procedural irregularities in his prosecution, the involvement of Tri-Count Auto as both the defendant in his civil suit and a driving force behind his criminal case, and a complaint he had

filed against the DMV in 2012 allegedly earning him that department's ire. Compl. ¶¶ 34-36.

After Golden amended his complaint and the magistrate judge assigned to this case performed her initial review, the only claims that remain are for false arrest and malicious prosecution under § 1983 against Gagné and Root. Dkts. 11; 13; 15. On December 10, 2021, defendant Root answered the amended complaint and asserted a crossclaim for contribution against Gagné. Dkt. 29. On December 31, 2021, Gagné moved to dismiss plaintiff's complaint as against him. Dkt. 34. This decision now follows.

## III. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6),[3] "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That factual matter may be drawn from "the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents

---

[3] Gagné also argues that the complaint should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction to the extent that the complaint tries to hold him liable in his official capacity. Of course, suits under § 1983 against state actors in their official capacities are functionally claims brought against the state itself and thus barred by the Eleventh Amendment. *See Vincent v. Yelich*, 718 F.3d 157, 177 (2d Cir. 2013). As a consequence, any official capacity claims against Gagné must be dismissed. *Id.* Thus, the remainder of this opinion assumes that plaintiff's claims against Gagné are asserted against him in his individual capacity. *See Hafer v. Melo*, 502 U.S. 21, 23 (1991) (holding that sovereign immunity does not protect officials from § 1983 suits in their individual capacities).

incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).

Importantly, "the complaint is to be construed liberally, and all reasonable inferences must be drawn in the plaintiff's favor." *Ginsburg v. City of Ithaca*, 839 F. Supp. 2d 537, 540 (N.D.N.Y. 2012) (citing *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)). If the complaint and its additional materials—when viewed through that pro-plaintiff lens—are not enough to raise the plaintiff's right to relief on a claim above the speculative level, that claim must be dismissed. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## IV. DISCUSSION

Gagné makes three arguments in his efforts to see Golden's complaint dismissed. First, he argues that both of plaintiff's claims run aground on the statute of limitations. Second, he argues that even if plaintiff's complaint is read in the light most favorable to him, he still does not state a plausible cause of action. And third, Gagné argues that even if plaintiff *does* plausibly allege claims against him, he should be protected by qualified immunity.

### A. False Arrest

A plaintiff claiming false arrest under § 1983 must show: "(1) the defendant intended to confine the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and

7

(4) the confinement was not otherwise privileged." *Barnes v. City of N.Y.*, 2021 WL 260092, at *3 (E.D.N.Y. Jan. 26, 2021) (internal quotation marks omitted) (citing *Broughton v. State*, 335 N.E.2d 310, 314 (N.Y. 1975)).

Gagné begins his assault on Golden's false arrest claim not on its merits, but by arguing that his complaint is untimely. To that end, § 1983 claims in New York are subject to a three-year statute of limitations. *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004). The clock begins to tick on those three years from the date that the cause of action accrues, or in other words once the plaintiff knows or has reason to know of the harm. *Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir. 1994). In the case of a false arrest, that means that the statute of limitations begins to run "when the alleged false imprisonment ends." *Frederick v. City of N.Y.*, 2016 WL 8711395, at *8 (E.D.N.Y. Mar. 25, 2016).

In total, Golden alleges four wrongful confinements: (1) his arrest on December 5, 2016; (2) his being held on bail from December 6-9, 2016; (3) the protection order blocking plaintiff from contacting Zerbel; and (4) the hearing to dismiss the charges on January 23, 2018.[4] In truth, though, only one can qualify as a false arrest. After all, because "false imprisonment consists of

---

[4] Although plaintiff's complaint clearly explains which events alleged in the complaint constitute the first three seizures he alleges, the fourth is not quite so clearly defined. It is also possible that the May 18, 2017 pretrial conference was plaintiff's claimed fourth seizure. Compl. ¶ 29. However, for the reasons about to be discussed, any seizure prior to the January 23, 2018 hearing must be dismissed in any case, so the point is largely moot.

detention without legal process, a false imprisonment ends once the victim becomes held *pursuant to such process . . . .*" *Wallace v. Kato*, 549 U.S. 384, 389 (2007). In other words, any unlawful detention after a plaintiff is arraigned is no longer a false arrest, but rather functions as proof of additional damages "for the 'entirely distinct' tort of malicious prosecution[.]" *Id.* at 390.

Thus, although Golden may object that his arraignment failed to discuss the evidence that supported probable cause, the case against him was reviewed by a judicial officer during his arraignment. Compl. ¶¶ 10, 13. Any potentially unlawful detention after his arraignment only goes to damages for his potential malicious prosecution claim: it does not support an independent false arrest claim. *Kato*, 549 U.S. at 390.

In other words, the only potentially viable false arrest claim to which Golden points is his actual arrest on December 5, 2016. Compl. ¶ 1. And because an unlawful confinement comes to an end once an arraignment makes it lawful, the statute of limitations began to run once plaintiff was arraigned on December 6, 2016. *Id.* ¶ 10; *Kato*, 549 U.S. at 389. Plaintiff's statute of limitations thus ran out on December 6, 2019, and his false arrest

claim against Gagné must be dismissed.[5] *See, e.g., Frederick*, 2016 WL 8711395, at *8-10 (dismissing false arrest claim where arraignment occurred in 2009 at latest and complaint was not filed until 2013).

## B. <u>Malicious Prosecution</u>

The Court turns next to Golden's malicious prosecution claim. To that end, there are four elements to a malicious prosecution claim under § 1983: (1) the initiation of a proceeding; (2) that terminated favorably to plaintiff; (3) lacking probable cause; and (4) malice. *Savino v. City of N.Y.*, 331 F.3d 63, 72 (2d Cir. 2003) (citation omitted).

Gagné once again begins his efforts to see Golden's complaint dismissed by arguing that it comes too late. After all, by plaintiff's own allegations, his charges were dismissed on January 23, 2018. Compl. ¶ 31. And because a malicious prosecution claim accrues upon the termination of the charges in the plaintiff's favor, he was obliged to file his claim no later than January 23, 2021. *See Spak v. Phillips*, 857 F.3d 458, 462 (2d Cir. 2017). But plaintiff did not file his initial complaint until January 25, 2021. Dkt. 1.

---

[5] In deference to plaintiff's pro se status, the Court has also considered whether equitable tolling might permit his statute of limitations to be extended. However, no matter how favorably the Court may read plaintiff's complaint, it can see no "fraud, misrepresentation[ ] or deception" that might justify equitable tolling. *Abbas v. Dixon*, 480 F.3d 636, 642 (2d Cir. 2007) (internal citations and quotation marks omitted). Nor can the Court discern any other extraordinary reason that might justify reprieve from the statute of limitations. *See Bolarinwa v. Williams*, 593 F.3d 226, 231 (2d Cir. 2010) (explaining that rare and exceptional circumstances might justify tolling statute of limitations). Finally, the Court notes that, contrary to plaintiff's argument, the continuing violation doctrine does not apply to false arrest claims. *See, e.g., Harrison v. New York*, 95 F. Supp. 3d 293, 327 n.13 (E.D.N.Y. 2015). Thus, his claimed false arrest must be treated as a discrete act, and there is no viable escape hatch to save him from the statute of limitations.

10

As Golden correctly notes, though, January 23, 2021 was a Saturday. Thus, the period for him to file his complaint remained open until the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C). As it happens, the next day fitting that bill was Monday, January 25, 2021, the day plaintiff filed. His malicious prosecution claim was thus timely. *See id.*; Dkt. 1.

Even so, Gagné argues that Golden's complaint still failed to sufficiently state a claim for malicious prosecution. The Court disagrees. Plaintiff of course alleges that he was charged with a crime in part through Gagné's efforts, establishing the first element of initiating a criminal prosecution. Compl. ¶¶ 5, 11; *Savino*, 331 F.3d at 72.

Golden also alleges that all charges against him were dismissed, but whether that is enough to meet his obligation to establish favorable termination is not so obvious a question as it seems. Compl. ¶ 31; *Savino*, 331 F.3d at 72. After all, to establish favorable termination in the § 1983 context, a plaintiff must prove that the criminal charges against him were terminated in a way that indicates that he was not guilty of the charged offense. *Lanning v. City of Glens Falls*, 908 F.3d 19, 27 (2d Cir. 2018). In the usual case, merely claiming that charges were dismissed without more may not be enough to clear that threshold. *See id.* at 28 (finding malicious

11

prosecution claim inadequately alleged where plaintiff only alleged that charges were dismissed after jury trial without more).

In this case, however, reading Golden's pro se complaint to raise the strongest arguments that it suggests, and especially considering his allegations about the curious origins and prosecution of the charges against him, the Court concludes that he has sufficiently alleged favorable termination at this juncture to survive Gagné's motion to dismiss. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (noting that submissions of pro se litigant must be construed liberally).

Finally, Golden alleges that Gagné conspired with Tri-Count Auto to falsely charge him with a crime. Compl. ¶¶ 11, 20. Gagné nevertheless chafes that these allegations, standing alone, do not satisfy the elements of malice and a lack of probable cause. *Savino*, 331 F.3d at 72. Gagné is mistaken. Reading plaintiff's complaint liberally—as this Court must—plaintiff alleges that Gagné conspired with Tri-Count Auto to manufacture a baseless criminal charge. *See Triestman*, 470 F.3d at 474; Compl. ¶¶ 20, 34 (plaintiff alleging that Gagné conspired with Tri-Count Auto and claiming that charge was "baseless and spurious"). Given the curious timing of plaintiff's arrest during the middle of a trial against Tri-Count Auto for an offense that allegedly took place some fourteen months earlier, those allegations clear the low bar of plausibility.

Thus, all four elements of malicious prosecution are therefore met on the face of the complaint, and Gagné has as of yet still failed to provide a justified basis for dismissing this claim. *See, e.g.*, *Greathouse v. Vasquez*, 2021 WL 6334689, at *4 (S.D.N.Y. Dec. 17, 2021) (finding malicious prosecution claim adequately alleged by pro se plaintiff who claimed dismissal where allegations of complaint suggested that dismissal met *Lanning*'s requirements), *report and recommendation adopted*, 2022 WL 83663 (S.D.N.Y. Jan. 7, 2022).

As a final proposed basis for dismissing Golden's amended complaint, Gagné invokes qualified immunity to protect him from plaintiff's suit. "Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Brown v. City of New York*, 862 F.3d 182, 190 (2d Cir. 2017) (citing *Reichle v. Howards*, 566 U.S. 658, 664 (2012)). Functionally speaking, determining whether to grant qualified immunity to a defendant requires a court to consider: (1) "whether the evidence, viewed in the light most favorable to the plaintiff, makes out a violation of a statutory or constitutional right"; and (2) "whether that right was clearly established at the time of the alleged violation." *Tracy v. Freshwater*, 623 F.3d 90, 96 (2d Cir. 2010).

"To be clearly established, a right must be sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Brown*, 862 F.3d at 190 (cleaned up and internal citations and quotation marks omitted). The borders of those rights can become clearly established through controlling caselaw, but "existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011).

However, the Supreme Court cautions that lower courts are "not to define clearly established law at a high level of generality," *al-Kidd*, 563 U.S. at 742, but must instead consider the particular circumstances of the case, *Brown*, 862 F.3d at 190. In practice, the qualified immunity inquiry is intended to shield "all but the plainly incompetent or those who knowingly violate the law." *Mullenix v. Luna*, 577 U.S. 7, 12 (2015).

In the malicious prosecution context, qualified immunity can attach if "it was objectively reasonable for [an arresting officer] to believe" they had probable cause to arrest a suspect or initiate a prosecution. *Zellner v. Summerlin*, 494 F.3d 344, 369 (2d Cir. 2007). Under Golden's facts, Gagné conspired with Tri-Count Auto to invent a spurious criminal charge. Compl. ¶¶ 20, 34. Because it would not be objectively reasonable for Gagné to believe he had probable cause based on fraudulent evidence, qualified immunity would not attach to those facts. *Zellner*, 494 F.3d at 369. Gagné's

14

motion to dismiss plaintiff's malicious prosecution claim must therefore be denied.

### C. Claims against Root

Yet curiously enough, defendant Root has remained silent thus far, content to answer Golden's complaint and leave Gagné holding the bag. Because plaintiff's false arrest claims are unavoidably time-barred on their face, the Court will nevertheless dismiss those claims *sua sponte* as to Root as well. After all, plaintiff was given an opportunity to defend the timeliness of these claims in responding to Gagné's motion, but failed to do so. *Abbas*, 480 F.3d at 640 (holding that though *sua sponte* dismissal based on statute of limitations is typically improper, courts may nevertheless dismiss complaints that are untimely on their face when plaintiff has notice of defect and was given opportunity to respond).

As for the malicious prosecution claim against Root, Golden's complaint says precious little about him other than that he was present for the December 5, 2016 arrest. Compl. ¶ 2. His name is not on the criminal complaint. Dkt. 34-2, p. 4. And nowhere does plaintiff allege that he participated in the alleged conspiracy with Tri-County Auto. *See* Compl. ¶ 34.

Even so, that claim must stand. The Court is happy to reduce the load on the magistrate by narrowing the issues in this case in advance of discovery

15

and limiting the relevant questions to plaintiff's malicious prosecution claims. But it cannot abide rewarding Root's counsel's slothful approach to litigation.

This is not the first time this Court has found itself confounded by this particular office's methods in navigating a case. *See Alexander v. City of Syracuse*, --- F. Supp. 3d ----, 2021 WL 5628726, at *23 (N.D.N.Y. Dec. 1, 2021) (this Court lamenting need to move for summary judgment *sua sponte* to close case because same attorneys failed to meaningfully defend against obviously defective claim). Its strategy of filing no motions and relying exclusively on crossclaims for contribution does a powerful disservice to its clients while showing a profound disrespect for this Court's time and resources by saddling it with the burden of cleaning up claims and cases that have no business proceeding forward.

Root's counsel are attorneys appearing before a federal court. As a result, they have an obligation to zealously represent their clients. The Court hopes that they rise to that obligation going forward. If they do not, the consequences might grow beyond needing to conduct discovery on what is likely a futile claim. In any case, Golden's malicious prosecution claim against Root must proceed.

16

## V. CONCLUSION

Despite Gagné's best arguments to the contrary, Golden has plausibly alleged a malicious prosecution claim against him.  Meanwhile, the malicious prosecution claim against Root—though on much more awkward footing—must also proceed given his failure to move to dismiss that claim.  This case must therefore proceed to discovery against both defendants.

Therefore, it is

ORDERED that

1. Defendant John Gagné's motion to dismiss plaintiff Roderick Golden's amended complaint is GRANTED in part and DENIED in part;

2. Plaintiff Roderick Golden's Fourth Amendment claims for false arrest under 42 U.S.C. § 1983 are DISMISSED against all defendants;

3. Plaintiff Roderick Golden's claims for malicious prosecution under 42 U.S.C. § 1983 remain for discovery against both defendants; and

4. Defendant John Gagné is directed to answer plaintiff Roderick Golden's amended complaint no later than Monday, February 21, 2022.

IT IS SO ORDERED.

Dated: February 10, 2022
       Utica, New York.

David N. Hurd
U.S. District Judge